**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

WELLS FARGO BANK, N.A.,

Plaintiff(s),

v.

CONCHITA V. ROY, et. al.,

Defendant(s).

———————————————/

CASE NO. 5:11-cv-06154 EJD

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

[Docket Item No. 7]

Defendants Conchita V. Roy and Serafin F. Padlan (collectively, "Defendants") removed the instant unlawful detainer action filed in Santa Clara County Superior Court by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"). See Docket Item No. 1. Plaintiff purchased the property at a trustee's sale in August, 2011, after Defendants defaulted on a Deed of Trust secured by the property. See Docket Item No. 1, at Exs. A, B.

Plaintiff now seeks an order remanding the case to the state court from which it originated pursuant to 28 U.S.C. § 1447(c). See Docket Item No. 7. Defendants did not file written opposition to this motion, and the time for filing such opposition has expired.[1] See Docket Item No. 10. The court finds this matter appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the hearing scheduled for January 27, 2012, will be vacated

---

[1] The court previously granted Plaintiff's request to shorten time for a hearing on the motion to remand. See Docket Item No. 10. Pursuant to the order served on Defendants by mail on January 11, 2012, Defendants were to file their brief in opposition no later than January 18, 2012.

1

1    and Plaintiff's motion to remand will be granted.

2                                    **I.    DISCUSSION**

3            Plaintiff argues federal jurisdiction is lacking.  The court agrees.

4        **A.      Legal Standard**

5            Removal jurisdiction is a creation of statute.  <u>See</u> <u>Libhart v. Santa Monica Dairy Co.</u>, 592

6    F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely

7    from the statutory authorization of Congress.").  Only those state court actions that could have been

8    originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise

9    expressly provided by Act of Congress, any civil action brought in a State court of which the district

10   courts of the United States have original jurisdiction, may be removed by the defendant."); <u>see also</u>

11   <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally

12   could have been filed in federal court may be removed to federal court by defendant.").

13   Accordingly, the removal statute provides two basic ways in which a state court action may be

14   removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens

15   of different states.  28 U.S.C. §§ 1441(a), (b).

16           When removal is based on the presence of a federal question, the court looks to the face of a

17   well-pleaded complaint to determine whether a cause of action is created by federal law or whether

18   the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal

19   law.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 808 (1988) (citing <u>Franchise Tax</u>

20   <u>Bd. of California v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 27-28, (1983)).  "[I]t must be clear

21   from the face of the plaintiff's well-pleaded complaint that there is a federal question."  <u>Duncan v.</u>

22   <u>Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of removal dictates

23   whether removal jurisdiction is proper.  <u>Libhart</u>, 592 F.2d at 1065.

24           An anticipated or even actual federal defense or counterclaim is not sufficient to confer

25   jurisdiction.  <u>Constr. Laborers Vacation Trust</u>, 463 U.S. at 10.

26       **B.      Federal Question and Supplemental Jurisdiction**

27           In the underlying Complaint, Plaintiff alleges a single claim for unlawful detainer against

28   Defendants.  <u>See</u> Docket Item No. 1 at Ex. B.  It is well established that unlawful detainer claims

**United States District Court**

For the Northern District of California

                                         2

United States District Court
For the Northern District of California

1    themselves do not arise under federal law and, therefore, cannot support federal-question

2    jurisdiction.  See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 WL

3    1465678, 2011 U.S. Dist. LEXIS 44818, at *1 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v.

4    Rosario, No. C 11-1894 PJH, 2011 WL 1754053, 2011 U.S. Dist. LEXIS 53643, at *2 (N.D. Cal.

5    May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578,

6    2010 U.S. Dist. LEXIS 130517, at *2 (C.D. Cal. Nov. 22, 2010).

7            Despite this standard, Defendants appear to assert in the Notice of Removal that alleged

8    violations of California's non-judicial foreclosure statutes permit removal.  Notably, this is not a

9    defense based in federal law.  But even if it was, such a claim does not appear on the face of

10   Plaintiff's Complaint, nor does it confer federal jurisdiction as an independent defense or

11   counterclaim.  See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must

12   appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43

13   (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

14           In addition, Defendant's belief that supplemental jurisdiction exists is mistaken.  To begin,

15   the Notice of Removal does not reference an existing federal case to which this case could be

16   related.  But even if it did, this claim would still fail.   "The supplemental-jurisdiction statute is not a

17   source of original subject-matter jurisdiction, and a removal petition therefore may not base

18   subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a

19   defendant seeks to remove is related to another action over which the federal district court already

20   has subject-matter jurisdiction."  Pacific Bell v. Covad Communications Co., No. C 99-1491 SI,

21   1999 WL 390840, 1999 U.S. Dist. LEXIS 8846, at *9 (N.D. Cal. June 8, 1999) (quoting Ahearn v.

22   Charter Twp. Of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)).  Any relationship between this

23   unlawful detainer action and any actual or potential case for wrongful foreclosure is irrelevant for

24   purposes of removal.

25           For these reasons, there is no basis for either federal question or supplemental jurisdiction

26   here.

27       **C.      Diversity Jurisdiction**

28           Defendants also reference 28 U.S.C. § 1332 in the Notice of Removal.  Pursuant to that

3

United States District Court
For the Northern District of California

1   statute, federal courts have original jurisdiction where (1) opposing parties are citizens of different

2   states and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Where diversity is

3   cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the

4   state in which the plaintiff originally brought the action, even if the opposing parties are diverse.

5   See 28 U.S.C. § 1441(b).

6           Here, removal is improper based on diversity jurisdiction because this case was originally

7   filed in a California state court and Defendants, who continue to reside in their San Jose home, are

8   citizens of California.  See Docket Item No. 1.  Thus, even assuming the parties are diverse, 28

9   U.S.C. § 1441(b) prohibits removal by Defendants on these grounds.

10                                          **II.   ORDER**

11          Based on the foregoing, Plaintiff's Motion to Remand is GRANTED.  The Clerk shall

12   remand this action to Santa Clara County Superior Court and close this file.

13   **IT IS SO ORDERED.**

14

15   Dated:  January 23, 2012

16                                                EDWARD J. DAVILA
                                                 United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

CASE NO. 5:11-cv-06154-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND